```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

FREDERICK W. BAUER,            )
         Plaintiff,            )
                               )
     v.                        )  C.A. No. 03-12576-WGY
                               )
                               )
UNITED STATES                  )
DEPARTMENT OF JUSTICE, et al., )
         Defendants.           )
```

## MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, plaintiff's claims will be dismissed.

## FACTS

In November 2003, petitioner Frederick Bauer, an inmate at FCI Waseca in Waseca, Minnesota, filed an application to proceed without prepayment of fees and a document titled "Petition for Privilege of Writ of Habeas Corpus, Complaint." He purports to name the Department of Justice, the Attorney General, all of the judicial officers in the Second, Fourth, Seventh, Eighth, Ninth, Tenth, D.C., and Federal Circuits, the Administrative Office for the federal courts, and all "U.S. Supreme Court Clerks" as respondents to the petition. Petition, p. 1.

Bauer challenges his several convictions in the Western District of Wisconsin for tax evasion and drug possession on numerous grounds, including ineffective assistance of counsel,

and claims that an alleged conspiracy between unnamed federal and state entities existed to convict him.  Id. at p. 3.  It appears that Bauer was convicted in 1989, 1990, and 1992.  Id.

A search of the Court's records indicates that Bauer has an extensive filing history in the federal courts and repeatedly has filed many actions, including habeas petitions, in various district and appellate courts.[1]  Bauer has been enjoined from filing new actions without payment of the docketing fee in the Supreme Court for "repeatedly abus[ing]

---

[1] A partial list of the numerous actions filed by Bauer follows: (1) Bauer v. U.S. Attorney, C.A. No. 89-0899-C (W.D. Wis. 1989) (dismissing habeas petition); (2) Bauer v. U.S. Department of Justice, C.A. No. 90-3568 (N.D. Cal. 1990) (granting defendants' motion to dismiss); (3) Bauer v. Department of Defense, C.A. No. 91-01182-JHY (D. Md. 1991) (denying petition for mandamus), aff'd, (4th Cir. 1992); (4) Bauer v. USA, C.A. No. 92-03392-RGC (W.D. Mo. 1992) (denying IFP; dismissing § 2241 habeas petition without prejudice); (5) Bauer v. Brown, et al., C.A. No. 92-03442-RGC (denying IFP, dismissing § 1983 action without prejudice) (W.D. Mo. 1992); (6) Bauer v. USA, C.A. No. 93-03179-RGC (dismissing habeas petition without prejudice) (W.D. Mo. 1993); (7) Bauer v. USA, C.A. No. 93-03236-RGC (W.D. Mo. 1993)(denying IFP; dismissing habeas petition without prejudice); (8) Bauer v. Rison, C.A. No. 94-03054-RGC (W.D. Mo. 1994) (dismissing habeas petition without prejudice); (8) Bauer v. Dane County, et al., C.A. No. 97-01841 (dismissing FOIA claims with prejudice), appeal dismissed, 98-7065 (D.C. Cir. 1999); (9) In re F.W. Bauer, C.A. No. 01-1633 (8th Cir. 2001) (dismissing petition for writ of mandamus); (10) Bauer v. Ervin, C.A. No. 01-917 (dismissing habeas petition) (D. Minn. 2002); (11) Bauer v. Ashcroft, C.A. No. 02-4068 (D. Minn. 2003) (same); (12) Bauer v. Attorney General, C.A. No. 02-3966 (8th Cir. 2003) (dismissing appeal for lack of jurisdiction); and (13) Bauer v. Attorney General, C.A. No. 03-2617 (8th Cir. 2003) (affirming dismissal of § 2241 petition).

[the Supreme] Court's certiorari and extraordinary writ processes" by submitting approximately a dozen frivolous filings. In re Frederick W. Bauer, 528 U.S. 16, 16 (1999) (per curiam).

## ANALYSIS

I. The Petition is Subject to Dismissal

Federal courts are always under an independent obligation to examine their own jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction. See Gonzalez v. U.S., 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)). Thus, if the petition filed by Bauer is construed as being brought pursuant to Section 2241, this Court lacks jurisdiction over it because Bauer is incarcerated in Minnesota. If it is construed as a motion pursuant to Section 2255, this Court lacks jurisdiction because Bauer was sentenced in the Western District of Wisconsin. And if the filing is construed as a complaint, the doctrines of absolute judicial immunity and sovereign immunity require dismissal.

A. Petitioner Is Not In Custody in This District

A Section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a Section 2255 petition must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert.

denied, 528 U.S. 1176 (2000).  Even where the petitioner challenges the validity, rather than the execution of his sentence under Section 2241, as here, jurisdiction lies not in the sentencing court as per Section 2255 but in the district court that has jurisdiction over custodian.  Norton v. United States, 119 F. Supp. 2d 43, 45 (D. Mass. 2000).

The basis for this distinction is that a writ of habeas corpus under Section 2241 must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243; Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord Gonzalez, 150 F. Supp. 2d at 240.
Personal jurisdiction over a custodian requires "the presence of the custodian within the territorial confines of the district court." United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976).  Because petitioner's custodian is the warden of a facility in Waseca, Minnesota, he or she is beyond the territorial confines of this Court.  See Vasquez, 233 F.3d at 696.  Thus, this Court does not have personal jurisdiction over the warden of FCI Waseca, and must either dismiss or transfer this Section 2241 petition to the proper district.  Id. at 696.

B.  <u>This Court Did Not Sentence Petitioner</u>

To the extent that the petition may be construed to be a motion under Section 2255, this Court lacks jurisdiction over it because it did not sentence petitioner.  A writ of habeas corpus pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence.  See <u>United States v. DiRusso</u>, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence.").  A Section 2255 motion encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A motion under Section 2255 must be filed in the sentencing court.  <u>Id.</u>; <u>Rogers v. United States</u>, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), <u>cert. denied</u>, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").  Thus, because Bauer was sentenced in the Western District of Wisconsin, not this court, the petition must be dismissed.  <u>Cf.</u>  <u>Rogers</u>, 180 F.3d at 357 n. 15.

C.  **The Named Respondents/Defendants Are Immune From Suit**

1.  **The Judicial Officers**

To the extent that the petition may be construed as a complaint, the doctrine of judicial immunity requires dismissal of the claims against the judicial officers. The doctrine of judicial immunity protects judges from suit for any normal and routine judicial act. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (Federal Courts Improvement Act of 1996 expanded doctrine of absolute judicial immunity to protect federal judges from injunctive relief as well as monetary damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same). Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity. Cok 876 F.2d at 2; Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of judge's jurisdiction construed broadly).

Even, as here, where a party alleges that a judge conspired with another party to rule against him, such

allegations do not pierce the immunity extended to judges. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); cf. Stump, 435 U.S. at 356-357 (alleged erroneous, malicious acts). Thus, to the extent that Bauer seeks to bring these actions against the various judicial officers named in the caption of the petition based on their decisions in actions filed by him or against him or their alleged "conspiracy" with any party, his claims must be dismissed because these allegations are based solely on judicial acts. Stump, 435 U.S. at 356-357; Pierson, 386 U.S. at 553-554; Jefferson v. City of Hazlehurst, 936 F. Supp. 382, 387 (S. D. Miss. 1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)).

    2.   The Law Clerks

Similarly, the doctrine of absolute judicial immunity is extended to certain judicial employees, such as law clerks, when they perform tasks that are an integral part of the judicial process. See Moore, 96 F.3d at 1245 (law clerks have judicial immunity because their duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function); Mullis v. United States Bankr. Court

for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks).  Here, plaintiff makes no allegations concerning the "U.S. Supreme Court Clerks" which indicates that any of these persons were not performing integral judicial tasks.  Thus, Bauer's claims against them also are subject to dismissal based on judicial immunity.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772 (3rd Cir. 2000); Moore, 96 F.3d at 124; cf. Dellenbach v. Letsinger, 889 F.2d 755, 763 (7th Cir. 1989) (danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts--alleging as here a conspiracy between the adjunct and the judge-- warrants this extension of judicial immunity to these persons).

   3.   The Federal Entities

   The United States has sovereign immunity from suit absent its consent.  See, e.g., United States v. Sherwood, 312 U.S. 584, 586 (1941).  The sovereign immunity of the United States extends to United States departments, agencies, and federal officials in their official capacities absent a clear, explicit statutory waiver.  See Blackmar v. Guerre, 342 U.S. 512, 514 (1952) (sovereign immunity extends to unincorporated departments and agencies of the United

States); Lane v. Pena, 518 U.S. 187, 192 (1996) (a waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text); FDIC v. Meyer, 510 U.S. 471, 484-485 (1994) (a Bivens action for monetary damages may not be asserted against a federal official acting in his official capacity or a federal agency).  Thus, Bauer's claims against the United States, the Department of Justice, the Attorney General, and the Administrative Office are subject to dismissal.[2]  Blackmar, 342 U.S. at 514; Lane, 518 U.S. at 192; FDIC, 510 U.S. at 484-485 (1994); McEntire v. Administrative Office of U.S. Courts, 70 F.3d 1282 (10th Cir. 1995) (dismissing).

   II. Bauer Has Received At Least "Three Strikes"

   A review of Bauer's litigation history reveals that on three or more occasions, including the instant action, civil non-habeas actions or appeals filed by him have been dismissed as frivolous, malicious, or for failure to state a claim.[3]  Under

---

   [2]Bauer also refers to an entity called "Federal Pension Funds & Financial Assets."  Assuming, without deciding, that this is a reference to a federal agency, Bauer's claims are subject to dismissal for the same reasons outlined in this section.

   [3]The Court takes judicial notice, see Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); Fed. R. Evid. 201, of the following actions:  (1) Bauer v. Department of Defense, C.A. No. 91-01182-JHY (D. Md. 1991) (denying petition for mandamus),

Section 1915(g), a prisoner who has received three or more "strikes" is ineligible to proceed in forma pauperis unless he alleges that he is under an imminent threat of serious physical injury. 28 U.S.C. § 1915(g)[4]; see, e.g., Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Bauer is thus ineligible to proceed in forma pauperis in this district while he remains a prisoner and his application to proceed in forma pauperis in this action will be denied.[5]

---

aff'd, (4th Cir. 1992); (2) Bauer v. Dane County, et al., C.A. No. 97-01841 (dismissing FOIA claims with prejudice), appeal dismissed, 98-7065 (D.C. Cir. 1999); and (3)(12) Bauer v. Attorney General, C.A. No. 02-3966 (8th Cir. 2003) (dismissing appeal for lack of jurisdiction).

[4]Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[5]Plaintiff is obligated to pay the entire filing fee up-front unless he is under imminent danger of serious physical injury. See, Rivera, 144 F.3d at 723; Adepegba, 103 F.3d at 388. Whether imminent danger exists is measured at the time of the filing of the complaint. See Malik v. McGinnis, 293 F.3d 559, 562 (2d Cir. 2002) (imminent danger measured at time of filing the complaint); accord Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (same).

CONCLUSION

ACCORDINGLY,

(1) the application to proceed without prepayment of fees is DENIED;

(2) this action is DISMISSED for the reasons stated above.

(3) the Clerk is directed to enter a notation on the docket indicating that Bauer has received three or more strikes under 28 U.S.C. § 1915(g), and is ineligible to proceed in forma pauperis in this district unless he is under imminent danger of serious physical injury.

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of February, 2004.

>           s/ William G. Young
>           WILLIAM G. YOUNG
>           CHIEF JUDGE