ORIGINAL

United States District Court
District of Massachusetts

Ex Parte
Frederick W. Bauer,
#02706-090   Petitioner

vs.

U.S., DOJ, Pension, officials,
  et. al.,
U.S. Dist. Ct. - Massachusetts,
              Respondent(s)

No. 03-12576-WGY
Habeas/Mandamus/Injunction
Ancillary No. 04-1185 (1st)

Judicial Notice

## Notice of Interlocutory Appeal

On March 1, 2004 Petitioner Bauer received a document proposed as a Memorandum and Order of Dismissal dated the 25th of February, 2004, without signature [s/William G. Young] of William G. Young, Chief Judge. The document is **Refused for Fraud** for obvious reasons including a further suspension of the "Great Writ" of Habeas Corpus and other usurpations. **Exhibit A**

Page 11 in the document denies the application to proceed without prepayment of fees and dismisses the habeas petition claiming lack of jurisdiction. Petitioner herein notices the interlocutory appeal of the denial and dismissal in the interests of law and justice. Title 28 USC § 1291; Title 28 USC

§1361; Title 28 USC § 1651; Rule 1, F.R. Civ. P. Cohen v. Beneficial Industrial Loan, 337 US 541, et al (1949);* Roberts v. U.S. Dist. Ct., 339 U.S. 844, 845, et al (1950)(per curiam).* See Advisory Committee Note to Fed. R. App. P. 24(a). See Coppedge v. United States, 369 U.S. 438, 445, 447-48 (1962) ("good faith... demonstrated when [applicant] seeks appellate review of any issue not frivolous"; burden of proof "should, at all times, be on the party making the suggestion of frivolity";

"But, unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." Hutto v. Davis, 454 U.S. 370, 375 et al (1982) **Exhibit B**

In Frank v. Magnum, 237 US 309, 330-35, et al (1915)* the Court equated the lack of jurisdiction with a kangaroo court. **Exhibit C**

The District Court's Memo and Order ignors and thus further suspends the writ of habeas corpus. See original petition, page 38 Hassain v. Johnson, 790 F2d 1421 (9th Cir. 1986)(separating habeas from complaint - Bivens action). Appeal is taken in its entirety, without prejudice, in good faith, in the interests of justice, in real terms.

*_____
   These cases not provided by the BOP/DOJ Law library, or otherwise, as necessary to effective due process fundamental redress.

**The Fraud** (continuing): The District Court's (Massachusetts) Memorandum and order of dismissal is a fraud by some three plus months in the making. See <u>Title 28 USC § 2243</u>. The appearance then is one of another stalling tactic to buy time (additional) for the Respondent(s) to further perfect their cover-up by expensive procedural morass. **Exhibit D**. <u>See</u> <u>Weaver v. Pung</u>, 925 F2d 1097, 1099 (8th Cir. 1991) ("The advisory committee notes to the Rules Governing Section 2254 cases indicate that rule 3(b) contemplates prompt attention will be given to applications to proceed in forma pauperis.") The Criminal Justice Act, <u>Title 18 USC § 3006A(c)</u> mandates the granting of IFP in ancillary matters to criminal cases:

1) to protect a Constitutional right;
2) to contribute in some significant way to the defense of the principal criminal charge;
3) to aid in preparation for trial (re) or disposition of the principal criminal charge;
4) to preserve the interests of the CJA client in, or to effectuate the return of real or personal property pursuant to 21 U.S.C. § 881, or similar statutes, if recovered by the client, may be considered for reimbursement to the CJA. <u>U.S. v. Martinson</u>, 809 F2d 1364 (9th Cir. 1987).

"Financial hurdles must not be permitted to condition its [the writ of habeas corpus] exercise. <u>Smith v. Bennett</u>, 365 US 708, 713 (1961). <u>Ake v. Oklahoma</u>, 470 U.S. 68, 79 (1985)(state has no legitimate interest in using its superior financial position for "maintenance of a strategic advantage"). <u>Martin</u>, 118 F3d 871 (1st Cir.)(per curiam).

**Jurisdiction:** In 2001 Petitioner filed/mailed for the Privilege of the Writ of Habeas Corpus in the Ninth Circuit, filed after some 10-months of circle jerk, as No. 01-80251. The 9th Circuit construed it as a § 2255 motion and transferred it to the trial/sentencing - kangaroo court (See exhibit C) docketed there as No. 02-C-0014-C(Crabb). In an order of Jan. 28, '02 she dismissed it under the rubric/ruse of lack of jurisdiction. The right of habeas corpus is lost if individuals are unable to petition at least some court for postconviction relief. See e.g., Brown v. Allen, 344 U.S. 443, 501, 510 (1953)(Opinion for the of Frankfurter, J.)(through the writ, Congress has empowered "district courts to be the organ of the higher law rather than a court of Appeals, or exclusively this Court" and has told the District Judge to act on those occasions, however rare, when there are meritorious causes in which habeas corpus is the ultimate and only relief designed to be such).

The Western Dist. of Wisconsin engineered a conviction and wrongful imprisonment by denying Petitioner counsel and due process. This was no error, but planned accordingly, as the record and pattern of events will validate, as will the planned program of cover-up over the last 15-years. As a result, the W.D. of Wisconsin lacks the "power and authority" to entertain a habeas petition, as the trial judge recently stated a "lack of jurisdiction." See Johnson v. Zerbst, 304 US 458, 463 (1938) (6th Amendment right to counsel in criminal proceedings withholds from federal courts "the power and authority" to deprive an accused of his life or liberty unless he has or waives

the assistance of counsel").

"Since <u>Johnson v. Zerbst</u>, .... (supra), and running through <u>Burgett</u> and <u>Tucker</u>, there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. None of the constitutional violations alleged by Custis, including the claimed denial of effective assistance of counsel, rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. This conclusion is supported by ...."the relative ease of administering a claim of failure to appoint counsel, as opposed to other constitutional challenges."
<u>Custis v. U.S.</u>, 511 US 485, 128 LEd 2d 517, et al (1994)

Under the Federal Rules, the purpose of pleading is to facilitate a proper decision on the merits. <u>F.R. Civ. P., 8(a)(2)(f), 12(c,e,f), 15, 16, 26-37, + 56 of 28 U.S.C.A. See 28 USC § 2243</u>.

**Usurpations:** The District Court's (Massachusetts) memorandum and order of dismissal is a further suspension of the Writ of Habeas Corpus (Privilege - <u>Article 1, Sect. 9, Cl. 2 and Art. IV, Sec. 2</u>), a usurpation of the Right to Redress and an obstruction of due process, under the First and Fifth Amendments (without prejudice). <u>See</u> Lee v. Kemna, 213 F3d 1037, (1039 (dissent) (8th Cir. 2000) <u>upheld in</u> Lee, 534 U.S.___, 151 LEd 2d 820 (2002). Petitioner filed his first petition for writ of habeas corpus prior to his conviction and imprisonment, as usurped by the trial/sentencing court Magistrate and Judge, (No. 89-C-899-C, W.D. of Wisconsin), so as to assure a conviction and commensurate presumptions by fraud. He filed this first in the 7th Cir. (89-3702) due to usurpations pre-trial by the Court, FBI, Federal Prosecutors, Dane + Rock County Jails and others known and unknown, transferred back to the Wisconsin Kangaroo Court and turned over to a less than Art. III Magistrate who did nothing. He filed his second petition for habeas relief pre-sentencing, due to the ongoing usurpations. Dkt No. 89-C-095-C, #'s 223, 233, 234, 242 (see 237). Once the W.D. of Wisconsin sentenced Petitioner to imprisonment (life, downward departured to 30-years), wrongfully, it waived its "power or authority" over him, by their own actions and admissions, and by various courts' unwillingness to transfer habeas petitions thereto (<u>See</u> Title 28 USC § 1631 + 2241(b)). Per the Federal Courts Improvement Act, if the federal court lacks personal jurisdiction, it "shall transfer" the action to a court with jurisdiction if doing so is in the "interests of justice." On page 4 this Court claims it lacks

personal jurisdiction over the custodian. Petitioner ironically was wrongfully imprisoned "to the custody of the Attorney General"(US). <u>See</u> Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, <u>et al</u> (1973).

"Thus, this Court does not have personal jurisdiction over the warden of FCI-Waseca, and must either dismiss or transfer this section 2241 petition to the proper district."

Petitioner waives no Rights or Privileges, Powers or Immunities pursuant to this petition. Furthermore, Petitioner has had no control (as a California resident) over where the DOJ has had him involuntarily transferred to, without notice, over the past 15-years so as to facilitate their use of numerous informants against him so as to perfect their extensive-expensive cover-up program, including their influence over court officials, often working out of the same U.S. Federal <u>Buildings</u>.

<u>See Exhibit E</u>

This under presumptions maintained and procured by fraud.

**Frivolous:** The District Court's Memo and Order claims "Three Strikes" to further the fraud and attempts to cover-up and avoid the merits of fundamental deprivations over some 15-years. The Court attempts to cite actions filed by Petitioner to support the alleged "Three Strikes." **First**, Petitioner is denied access to his files in support of these cases, by the BOP in conspiracy, in order to qualify these strikes, to be also taken up on interlocutory appeal. The District Court misses one very important action filed by Petitioner's retained attorney's, The American Constitutional Coalition Foundation (ACCF)] determined by the trial judge as "frivolous."] No. 89-C-971-C, W.D. Wisconsin. See exhibit A in original petition (ACCF) **Second**, ironically all these actions referenced by the district court as "strikes" were available to the District of Minnesota + 8th Circuit (01-1633, 02-3966), the Northern Dist of Calif. (C 02-4258 VRW), the W.D. of Wisconsin (02-C-533-C), who said nothing about "Three strikes," being well aware of the fraud and conspiracy, as well as the political agenda (secret.) **Third**, the District of Mass. is abusing its discretion in failing to liberally construe this pro se action(s) and thus the judge selected shall recuse himself. Exhibits E+F 1,2,3 **Fourth**, the Dist. of Mass. fails to take into consideration frivolous filings by U.S. Attorneys, and their fraud to cover-up over 14-years, necessitating Petitioner's Redress. Exhibit G 1,2 **Fifth**, Petitioner's actions, except for one, (96-CV-2781, Dist. of Columbia; transferred to W.D. Wisc. No. 98-C-0182-C) do not challenge prison conditions, but are all ancillary matters to his

criminal cases qualifying for IFP status, without prejudice, under the Criminal Justice Act, 18 USC § 3006 A, not intended under the PLRA by Congress. Sixth, these strikes cited by the district court were not defined as frivolous or as strikes prior to the passage of the PLRA in 1996. These actions are all takeoffs of actions filed by petitioner prior to his conviction and imprisonment (wrongful).

**Exhibit H**   These issues to be furthered on interlocutory appeal so as to validate a fraudulent record and presumptions obtained therefrom. See Bauer v. USA, 956 F2d 693 (7th Cir. 1992). As supported by numerous cases ("extensive filing history in the federal courts") this action is improperly dismissed because the court can not conclude the claims lack an arguable basis in law... or fact, as supported by various decisions below. **Exhibit I**

**Sixth**, and finally for now, these limitations as proposed by the District of Mass. do not apply; the prisoner is in imminent danger of serious physical injury. For 30-days in January - Fe, 2003 petitioner was placed in segregation by the BOP under "protective custody" for protection against other inmates, BOP informants (inmate snitches) and BOP staff working in conjunction with their "snitches." This coincides with (1) the FBI's declaration and <u>actions</u> that Bauer (aka "shithead") is "history" See Exhibit C and (2) Bauer's bed, person and property have been trashed, attacked, destroyed, harassed and endangered on at least a dozen occasions by the BOP and their informant-snitches over the last year or so and on

continuing basis over 15-years as is being directed by U.S. Attorneys.

Jan., 2003  Bed, law books (2), legal papers (6"), bed clothes, trashed - into shower, bed watered down (twice)
12/25/03  Bed doused down with urine (pillow)(20 oz)
1/18/04  Bed/pillow - + area doused down w/coffee (40 oz)
1/20/04  Bed/pillow + area doused down w/water
1/24/04 @ 1:43 am  Bed/pillow + area (occupied) doused w/ice water
1/26/04 @ 11:57 pm  Bed/pillow - area (occupied) doused w/hot water
1/27/04 @ 12:10 am  Bed/pillow - area (occupied) doused w/hot water
1/29/04  Bed move by BOP into hostile dorm area / without notice
1/31/04  Bed - pillow + area doused down with water.
2/5/04  Bed - pillow + area doused down with water.

Pattern of harassments, retaliations, deprivations, shakedown's, theft of property by staff. Much of the above witnessed by friends + bystanders. Staff justification: "Well, lets hope nothing happens." This does not include the well documented program by the BOP over 15-years to destroy my legal files so as to obstruct my effectiveness pro se and due process to allow such courts to discretion Redress as frivolous so as to avoid the merits + accountability. **Exhibits J1-10** modus operandi;  See exhibits A, B+C in original petition. of the federal government **Exhibit K**

The BOP/DOJ now denies me access to my legal files - materials necessary to effectively defend or prosecute against the fraud, usurpations. In turn they confiscate all money, encumber my commissary account and deny me prison pay needed for defense/prosecution costs.      **Exhibit L 1, 2**

## Conclusion

"Our conclusion is consistent with the well settled rule that 'where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.'" Bell v. Hood, 327 US 678, 684, et al (1954), as cited recently in Barnes v. Gorman, 536 US ___, 153 LEd 2d 230, 238, 122 S.Ct. ___ (2002).

"In reviewing the district court's decision on a petition for habeas corpus, the Court of Appeals is not bound by findings of the district court, but instead applies de novo standard of review. Maldonado v. Scully, 86 F3d 32 (2nd Cir. 1996). The federal court of appeals is "obligated to examine [its] jurisdiction [to hear habeas corpus appeal]," even when parties do not address issue. Mathis v. Zant, 903 F2d 1368, 1370 n.2 (11th Cir. 1990)

Petitioner herein notices interlocutory appeal of the District Court's Memorandum and Order dated February 25, 2004, as Refused for Fraud on Rights, Powers, Privileges and Immunities of Petitioner, Ex Parte; as oathed by Federal entities.

On February 12, 2004 Petitioner requested a two week legal furlough in defense and prosecution of this action and ancillary mandamus in the First Cir. No. 04-1185. Furlough denied 2/19/04 by BoP in conflict, denial and cover-up. If this Court finds this Notice therefore ineffective, inadequate or lacking in process, Amendment shall be granted in the interests of justice as Petitioner

11-12

is coerced into filing this Notice in haste pending the First Circuit deadline of March 15, 2004 on mandamus.

Dated: March 5, 2004

Submitted in Good Faith as true and Correct, as declared, certified and affirmed, without prejudice and with all Rights, Powers, Privileges and Immunities invoked and reserved.

*Frederick W. Bauer*
Frederick W. Bauer #02706-090
PoBox 1731-D, FCI-Waseca
1000 University Drive SW
Waseca, Minnesota 56093
(507) 835-8972
       837-4547 Fax

Certification of Mailing: EA
*F.W. Bauer*